WILLIAMS, Judge.
This is an appeal by defendant Schweg-mann Giant Supermarkets [“Schweg-mann”] from a jury verdict awarding plaintiff Cheryl Fauria $50,000.00 in damages. FACTS:
Plaintiff Fauria was shopping in one of defendant’s stores with her boyfriend. She was six months pregnant at the time. While shopping, she picked up a spray can of “Static Guard,” a product designed to eliminate static cling from clothing. She sprayed some of the product on her pants’ leg, and then placed the can in her shopping cart. She later decided that she did not want to buy the product and instructed her boyfriend to put it back on a shelf. While plaintiff was waiting in the check-out line, a security guard employed by defendant approached her. He had with him the can of Static Guard with which plaintiff had sprayed her pants and demanded that she buy the can or else be charged with theft. She refused to purchase the item. She was given at least one other opportunity to purchase the Static Guard, but refused once more. Plaintiff was then placed under arrest by the St. Bernard Parish Sheriff’s Department. She was handcuffed and taken to the police station, where she was booked with theft. Approximately thirty minutes later her boyfriend made bail for her. She had not been placed in a cell.
Later that evening, her water broke, and she subsequently went into premature labor. Twins were born, but died as a result of their premature birth. Both of plaintiff’s previous children had been born prematurely, and she had been advised several weeks before of a potential problem with this pregnancy.
Plaintiff filed suit against defendant alleging that the twins’ deaths were a re- *149 suit of premature labor brought on by the emotional stress inflicted upon her by defendant. After a trial by jury, plaintiff was awarded $50,000.00 in damages. It is from this verdict that defendant now appeals alleging that the trial court was in error in: (1) failing to allow a proper voir dire of the jury; (2) failing to dismiss certain jurors for cause; (3) conducting the trial in - such a manner that the jury was unduly prejudiced; and (4) failing to grant a new trial or remittitur. Because we find that the evidence presented at trial clearly shows that plaintiff failed to carry her burden of proving that defendant was negligent, we must reverse.
La.R.S. 14:67 provides in pertinent part: “Theft is the misappropriation or taking of anything of value which belongs to another, either without consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. Any intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
When plaintiff sprayed the Static Guard she obligated herself to pay for it. It did not matter whether she sprayed for a few seconds or used the entire can; she had used something belonging to defendant and unless she paid for it, a theft had occurred. Based upon his observations, defendant’s security guard acted in a manner consistent with both the interests of his employer and of plaintiff; he offered her a choice: she could purchase the can (for $1.07) or be charged with theft. She was given this opportunity to exculpate herself at least twice. We note that legally the guard was under no obligation to allow plaintiff this option. See La.C.Cr.Pr. art. 215.
There is no evidence in the record that defendant’s employees mistreated plaintiff in any way whatsoever. The treatment accorded to plaintiff by the defendant certainly met any standard of care that would be owed by a merchant to a pregnant woman suspected of theft. Plaintiff and her boyfriend testified that she was not abused, shoved, or jostled. Tr. at pp. 22 and 57. Furthermore, there is no evidence that plaintiff informed the guard of any problems that she might have had with the pregnancy.
We are aware that a jury’s findings should not be disturbed absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); see also Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In this case, however, plaintiff failed to introduce any evidence of negligence on the part of defendant or its employees. All of the evidence presented at trial indicated that defendant’s employees acted reasonably under the circumstances.
For the foregoing reasons, the decision of the trial court is reversed.
REVERSED.
REDMANN, C.J., and WARD, J., concur with reasons.
SCHOTT and GARRISON, JJ., dissent with reasons.